**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| RONALD L. STEWART, | ) |
| Petitioner, | ) ) ) |
| v. | ) CAUSE NO. 3:11-CV-0129 WL ) |
| SUPERINTENDENT, SOUTH BEND RE-ENTRY PROGRAM, | ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

Petitioner Ronald Stewart is a state prisoner serving time on 1996 Delaware County convictions for class A felony dealing in cocaine, class D felony dealing in marijuana, and his adjudication as an habitual offender. He filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the Indiana Department of Correction's ("IDOC") calculation of earned credit time and jail time credit.

The Respondent argues that Stewart's claim is barred by procedural default and, in the alternative, that it does not raise a cognizable issue for habeas review and that his claim is without merit. The Petitioner has responded to the Respondent's argument on the merits, but has not addressed the arguments that his claim is barred by procedural default and that it does not raise a cognizable issue for habeas review.

A habeas petitioner may not resort to federal court without first giving the state courts a full and fair opportunity to address his federal claims and to correct any error of constitutional magnitude. *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001). Before considering the merits of a habeas petition, a federal court must ensure that the

petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To satisfy the exhaustion requirement, a petitioner must present both the operative facts and the legal principles that control each claim to the state judiciary; otherwise, he has forfeited federal review of his claim. *Id.* Moreover, a petitioner must have presented his claims to the state's highest court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A habeas applicant who presents defaulted claims for federal collateral review may only obtain review on the merits of his claims if the applicant establishes cause and prejudice to excuse his defaults or shows that the failure to consider his claims on the merits would result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 735; see also *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Jenkins v. Gramley*, 8 F.3d 505, 507-08 (7th Cir. 1993).

The Respondent asserts that Stewart's claim is barred by the doctrine of procedural default because, under Indiana law, he was required to challenge the IDOC's calculation of his earned credit time through the available administrative remedies and, if he was denied relief, then file a cause of action in a state trial court. See e.g. *Miller v. Walker*, 655 N.E.2d 47 (Ind. 1995).; *Majors v. Broglin*, 531 N.E.2d 189, 190 (Ind. 1988); *Boyd v. Broglin*, 519 N.E.2d 541, 543 (Ind. 1988); *Harris v. State*, 836 N.E.2d 267, 282 (Ind. Ct. App. 2005); *Meeker v. Indiana Parole Board*, 794 N.E.2d 1105 (Ind. Ct. App. 2003); *Indiana Department of Correction v. Bogus*, 754 N.E.2d 27 (Ind. Ct. App. 2001); *Page v. State*, 517 N.E.2d 427, 430 (Ind. Ct. App. 1988). Stewart failed to follow this required procedural path. Stewart did file a Motion to Correct Sentence on February 1,

2010, in which he argued that his credit time was not calculated under Indiana law (DE 8-2), which the trial court denied the same day (DE 8-3). But Stewart did not appeal that judgment, and therefore has not presented any claim related to calculation of his earned credit time to the Indiana Supreme Court as required by *Boerckel*, 526 U.S. at 845.

A habeas petitioner can overcome a procedural default by showing both cause for failing to present his claims to the state courts and prejudice, *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977), or by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). In his traverse, the Petitioner does not suggest an actual innocence argument or assert cause and prejudice. Accordingly, the Petitioner's claim it is now barred by procedural default because his opportunity to present it to the Indiana Court of Appeals has passed. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). Because the Court has concluded that Stewart's claim is barred by the doctrine of procedural default it will not address the Respondent's arguments that his claims do not raise a cognizable issue for habeas review and that his claim is without merit.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Stewart a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated in this memorandum, the Court concludes that the Petitioner's claims are barred by the doctrine of procedural default. Nothing in Stewart's submissions suggest, let alone establish, that jurists of reason could debate the correctness of this Court's conclusions or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Stewart a certificate of appealability.

For the reasons set forth above, the Court DENIES the Petitioner's petition for writ of habeas corpus (DE 1), DIRECTS the Clerk to close this case, and DENIES the Petitioner a certificate of appealability.

SO ORDERED on January 19, 2012

       s/William C. Lee
William C. Lee, Judge
United States District Court

4